[No. 19117.  Department One.  March 16, 1925.]

DUPAR-BLYTHE COMPANY, *Appellant*, v. BLANC'S CAFE, INCORPORATED, *Respondent.*[2]

Appeal from a judgment of the superior court for King county, Chapman, J., entered May 3, 1924, upon findings in favor of the defendant, in an action on contract, tried to the court.  Affirmed.

*Edw. C. Hudson*, for appellant.

*Wright, Froude, Allen & Hilen*, for respondent.

PARKER, J.—The plaintiff, Dupar-Blythe Company, commenced this action in the superior court for King county, seeking recovery of an alleged balance due it for plumbing work and material furnished to the defendant, Blanc's Cafe, Incorporated.  A trial before the court sitting without a jury resulted in findings and judgment denying to the plaintiff any recovery, from which it has appealed to this court.

The defendant pleaded, by way of set-off and counterclaim, defective workmanship and damages resulting to it therefrom exceeding in a considerable sum any balance which would have been due to the plaintiff for the work and material furnished.  While the

[1] Reported in 233 Pac. 660.

[2] Reported in 233 Pac. 922.

defendant prayed for an affirmative judgment against the plaintiff, it is only insisting upon its alleged damage to the extent of satisfying the plaintiff's claim.   The trial court, after finding a balance which would have been due to the plaintiff had the work and material been furnished and installed in a workmanlike manner, found that the plaintiff wholly failed to perform the work as agreed in accordance with the plans and specifications or in a workmanlike manner; and that the defendant was damaged thereby in an amount exceeding the unpaid balance which would have been due to the plaintiff for the work and material had the same been furnished and installed in a workmanlike manner.   This, according to the trial court's findings, is the principal ground upon which it rested its judgment.   Thus the principal controlling question here to be answered presents only questions of fact.   We deem it sufficient to say that our review of the evidence fully convinces us that it does not preponderate against the court's findings and judgment.

Another question presented is as to whether or not the action was prematurely commenced, in view of the failure of the plaintiff to procure the architect's certificate of acceptance of the work and also the plaintiff's failure to seek a submission of the differences between it and the defendant to arbitration.   Being of the opinion that the case was properly disposed of upon the merits, we find it unnecessary to notice this contention.

The judgment is affirmed.

TOLMAN, C. J., BRIDGES, MAIN, and ASKREN, JJ., concur.